Nadine GOLESKI, as Personal Representative of the Estate of Dorothy M. Vetter, Deceased, Appellant (Plaintiff Below),

v.

Walter FRITZ, M.D., M.J. Subba Rao, M.D., Thach Nguyen, M.D., Usha Sharma, M.D., Donald Gibertini, M.D., Starke Memorial Hospital, Appellees (Defendants Below).

No. 75S05–0205–CV–296.

Supreme Court of Indiana.

May 28, 2002.

Barry D. Rooth, Merrillville, IN, Attorney for Appellant.

David C. Jensen, David J. Beach, Hammond, IN, Mark Lienhoop, LaPorte, IN, Robert D. Brown Merrillville, Indiana Lara Engelking Indianapolis, IN, Attorneys for Appellees.

## ON PETITION FOR TRANSFER

BOEHM, Justice.

We hold that claims made by a patient's "representative" under the Medical Malpractice Act survive the death of the

representative and pass to the representative's estate. Derivative claims for medical malpractice such as a claim by a spouse for loss of consortium generally survive the death of the claimant under the Survival Statute.

### Factual and Procedural Background

Lawrence Vetter was admitted to Starke Memorial Hospital on March 21, 1995. He was treated by defendant physicians Walter Fritz, M.J. Subba Rao, Thach Nguyen, Usha Sharma, and Donald Gibertini and died the next day. Dorothy Vetter, Lawrence's wife, filed a claim with the Department of Insurance seeking damages from the hospital and the physicians for lost "financial support, love, affection, kindness, attention and companionship" as well as reasonable funeral, burial and medical expenses. All defendants are "providers" of health care under the Indiana Medical Malpractice Act.

The medical review panel unanimously determined that two of the defendant physicians, Drs. Gibertini and Fritz, failed at times to meet the applicable standards of care, but the panel was unable to determine whether that failure was a factor in Lawrence's death. One panel member concluded that Dr. Nguyen also failed to comply with the applicable standard of care, and that his failure was a factor in Lawrence's death. The panel found no negligence on the part of the other defendants.

Dorothy died before the claim review process was completed. Nadine Goleski, the couple's daughter, was appointed personal representative of Dorothy's estate and filed an amended malpractice claim, contending that Dorothy's claim survived Dorothy's death and passed to Dorothy's estate. Goleski sued in Lake Superior Court and venue was transferred to Starke County. The trial court granted summary judgment for the defendants, holding that Goleski could not maintain an action under

any of three theories. Goleski had no cause under the Wrongful Death Act because she was not the personal representative of Lawrence's estate. She could not claim under the Medical Malpractice Act because she was not Lawrence's "representative" as that term appears in that statute. And the Survival Statute did not help Goleski because she was not the personal representative of Lawrence's estate and was not alleging that something other than the defendants' negligence caused Lawrence's death. The Court of Appeals affirmed in an unpublished memorandum opinion. *Goleski v. Fritz,* 741 N.E.2d 810 (Ind.Ct.App.2001) (mem.). Judge Kirsch dissented, concluding that "[a] tortfeasor whose negligence wrongfully causes the death of another should not escape liability because of the vagaries of Indiana's probate and wrongful death statutes and the delay attendant to the medical review process." *Goleski v. Fritz,* No. 75A05–0005–CV–186, slip op. at 6, 741 N.E.2d 810 (Ind.Ct.App. Jan.23, 2001). This Court granted transfer.

We agree Goleski cannot maintain an action under the Wrongful Death Act. Indiana Code section 34–23–1–1 provides that when a person's death is caused by the negligence of another, and the deceased could have maintained an action had he or she survived, "the personal representative" of the deceased may bring an action within two years. Ind.Code § 34–23–1–1 (1998). Case law has consistently interpreted the statute to mean that only a personal representative appointed within two years of the decedent's death may file the action. *Gen. Motors Corp. v. Arnett,* 418 N.E.2d 546, 548 (Ind.Ct.App.1981); *Hosler v. Caterpillar, Inc.,* 710 N.E.2d 193, 196 (Ind.Ct.App.1999), *trans. denied.* Here, neither Goleski nor anyone else was appointed personal representative of Lawrence's estate. Because more than two

years have passed since Lawrence's death, a timely appointment cannot now be made. Thus, there can be no action under the Wrongful Death Act. However, we conclude that Goleski can proceed under the Medical Malpractice Act and the Survival Statute.

## I. Dorothy's "Derivative" Claims

■ The Medical Malpractice Act allows a "patient or the representative of a patient" to bring a malpractice claim "for bodily injury or death." Ind.Code § 34–18–8–1 (1998). A "patient" is "an individual who receives or should have received health care ... and includes a person having a claim of any kind, whether derivative or otherwise, as a result of alleged malpractice." I.C. § 34–18–2–22. "Derivative" claims "include the claim of a parent or parents, guardian, trustee, child, relative, attorney, or any other·representative of the patient," and include "claims for loss of services, loss of consortium, expenses, and other similar claims." *Id.* Accordingly, under the terms of the Medical Malpractice Act, before Dorothy died she was a "patient" with "derivative" claims insofar

as she asserted claims for lost financial support, love, affection, kindness, attention, companionship, and reasonable funeral and burial expenses.[1] As the wife of Lawrence, she clearly was a "relative." She therefore met the statutory requirement to bring these claims as a "patient" and was entitled to assert "derivative" claims for these items under the Medical Malpractice Act.

The Survival Statute provides that if an individual with a cause of action dies, most causes of action survive and may be brought by the "representative" of the deceased. I.C. § 34–9–3–1(a). When Dorothy died she became the "deceased" under the Survival Statute, and when Goleski was appointed the personal representative of Dorothy's estate, Goleski became the "representative" under this statute.[2] The Survival Statute does not preserve causes of action for libel, slander, malicious prosecution, false imprisonment, invasion of privacy, or personal injuries to the deceased. I.C. § 34–9–3–1(a). Only if Goleski's claims are for "personal injuries to the deceased" would they fail to survive Doro-

1. We note that in *Ind. Patient's Comp. Fund v. Wolfe,* 735 N.E.2d 1187, 1192–93 (Ind.Ct.App. 2000), *trans. denied,* the Court of Appeals held that a surviving parent is not a "patient" entitled to a separate statutory damages cap under the Act. The court held "a derivative claimant is a subset of the patient and not a patient unto himself." *Id.* at 1192. Although we believe the Court of Appeals reached the correct result in *Wolfe,* we think that derivative claimants are "patients" within the meaning of section 34–18–8–1 but are not the patients upon whom "injury or death" is inflicted. The language of section 34–18–2–22 quoted above defines derivative claimants as "patients." However, section 34–18–14–3(a) was at issue in *Wolfe.* That section caps the damages available "for an injury or death of a patient." Although there may be persons who are statutorily defined to be "patients" and therefore may assert derivative claims for their own damages under the Act, section 34–18–14–3(a) applies the damages cap to all

claims, whoever may assert them, for a single "injury or death of a patient." The only "injury or death" within the meaning of this section is the injury or death suffered by the actual victim of the malpractice. Thus *Wolfe* reached the correct conclusion on its facts, but was incorrect in suggesting that a derivative claimant is not a "patient" for purposes of ability to assert a claim under the Act.

2. Indiana case law has long allowed duly appointed personal representatives and successors in interest to bring claims under the Survival Statute. *See, e.g., Jose v. Ind. Nat'l Bank of Indianapolis,* 139 Ind.App. 272, 275, 218 N.E.2d 165, 167 (1966) and *Burnett v. Milnes,* 148 Ind. 230, 235, 46 N.E. 464, 465 (1897). Because Goleski is the duly appointed personal representative of Dorothy's estate, whether other "representatives" may bring an action under the Survival Statute is not at issue in this case.

thy's death. They are not within that term. To the extent Goleski asserts claims for "personal injuries" to Lawrence, they survive Dorothy's death because Dorothy, not Lawrence, is "the deceased." Other claims are for loss of consortium and Lawrence's funeral expenses. Even if these are claims for "personal injury" to Dorothy,[3] the Survival Statute allows Dorothy's representative to sue for personal injuries to the deceased (Dorothy) if Dorothy "subsequently dies from causes other than those personal injuries." I.C. § 34–9–3–4(a). Dorothy plainly died from causes other than her loss of consortium and her incurring Lawrence's funeral expenses. As a result, to the extent the claims are for personal injuries, they remain alive because Dorothy did not die as a result of those injuries. Finally, to the extent any of the claims are not claims for "personal injuries" they are preserved by the Survival Statute, which states that all claims other than those listed in it survive.

## II. Dorothy's Claim as Lawrence's "Representative"

■ As noted above, the Medical Malpractice Act allows a "patient or the representative of a patient" to bring a malpractice claim "for bodily injury or death." Ind.Code § 34–18–8–1 (1998). The inclusion of the term "death" plainly implies that the claim survives the death of Lawrence, the person treated by the health care providers. A "representative" is "the spouse, parent, guardian, trustee, attorney, or other legal agent of the patient." Id. at § 34–18–2–25. Unlike the Wrongful Death Act, however, the Medical Malpractice Act does not require that the "representative" be the legally appointed personal representative of the patient. See

Cmty. Hosp. v. McKnight, 493 N.E.2d 775, 776 (Ind.1986). Accordingly, Dorothy's claim for Lawrence's medical expenses was asserted as a "representative" as that term is used in the Medical Malpractice Act. As Lawrence's spouse, Dorothy clearly met the statutory requirements to bring the claim as his "representative." The Survival Statute preserves this claim for Dorothy's estate after her death because it is neither a claim for personal injuries to Dorothy, nor a claim for libel, slander, malicious prosecution, false imprisonment, or invasion of privacy. Accordingly, it survived Dorothy's death and passed to her estate.

### Conclusion

The trial court's grant of summary judgment in favor of the defendants is reversed. This case is remanded to the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

---

**3.** Goleski cites *Merimee v. Brumfield,* 397 N.E.2d 315, 318 (Ind.Ct.App.1979), where the Court of Appeals held the term "personal injuries" in the context of the Survival Statute includes not only injuries to the physical body, but also "malicious prosecution, false imprisonment, libel, slander, or any affront or detriment to the body, psyche, reputation or liberty, as contradistinguished from injury to property rights."