**MADISON CENTER, INC.,**
**Appellant–Petitioner,**

v.

**R.R.K., et al., Appellee–Respondent.**

**No. 71A03–0602–CV–52.**

Court of Appeals of Indiana.

Sept. 21, 2006.

 

Robert J. Palmer, Mishawaka, IN, Attorney for Appellant.

John D. Ulmer, Nathaniel Jordan, Goshen, IN, Attorney for Appellee.

## OPINION

KIRSCH, Chief Judge.

Madison Center, Inc. (the "Center") brings this interlocutory appeal from the trial court's order denying the Center's motion for summary judgment. The issue before us is whether the trial court erred when it determined that R.R.K.'s complaint alleged a premises liability claim not governed by the Indiana Medical Malpractice Act [1] (the "Act").

We affirm.

### FACTS AND PROCEDURAL HISTORY

On February 1, 2003, R.R.K. was a seventeen-year-old inpatient resident at the Center, a psychiatric hospital. That evening, R.R.K. was being disciplined for his behavior while another resident stood watching nearby. The other resident refused to leave. R.R.K. and the other resident began arguing. The Center staff restrained R.R.K. but did not attempt to restrain the other resident. While the staff restrained R.R.K., the other resident ran up and kicked R.R.K. in the face causing significant injury.

Alleging that the Center failed to keep its property in a reasonable and safe condition, R.R.K. and his parents brought suit against the Center based on premises liability. The Center moved for summary judgment contending that R.R.K.'s claim is subject to the Act and that the trial court did not have subject matter jurisdiction because R.R.K. had not complied with the

1. IC 34–18–1–1.

Act's provisions. The trial court denied the motion, and the Center now appeals.

## DISCUSSION AND DECISION

■ Subject-matter jurisdiction is the power of a court to hear and decide a particular class of cases. *Putnam County Hosp. v. Sells,* 619 N.E.2d 968, 970 (Ind.Ct. App.1993). The issue of subject-matter jurisdiction is resolved by determining that the claim involved falls within the general scope of authority conferred on a court by the Indiana Constitution or by statute. *Id.* Subject-matter jurisdiction cannot be waived and may be raised by the parties or the court at any time, including on appeal. *Id.* Because we accept the facts as alleged in the complaint as true, and, thus, we are in as good a position as the trial court to determine subject matter jurisdiction, we review the trial court's ruling *de novo. Id.*

■ The Center asserts that the trial court lacked subject-matter jurisdiction because R.R.K's claim was one of medical malpractice, not premises liability as alleged by R.R.K. and as determined by the trial court. As such, it claims that R.R.K. was required to submit a proposed complaint to the Indiana Department of Insurance and obtain an opinion from a medical review panel. *See* IC 34–18–8–4.

> The Act defines malpractice as follows: "Malpractice" means a tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient.

IC 34–18–2–18. Thus, medical malpractice is the breach of the duty owed by a health-care provider to its patient. The duty arises from the contractual relationship entered into between the provider and the patient. Our Supreme Court has defined the duty as an implied contract that the provider possesses the ordinary knowledge and skill of its profession and will utilize such attributes in a reasonable, diligent, and careful manner in undertaking the care and treatment of its patient. *Webb v. Jarvis,* 575 N.E.2d 992, 996 (Ind.1991); *Worster v. Caylor,* 231 Ind. 625, 110 N.E.2d 337, 339 (1953) *overruled on other grounds.* It is a duty that flows from that special consensual relationship.

■ The fact that the alleged misconduct occurs in a healthcare facility does not, by itself, make the claim one for malpractice. *Doe ex rel. Roe v. Madison Ctr. Hosp.,* 652 N.E.2d 101, 104 (Ind.Ct.App. 1995). Nor does the fact that the injured party was a patient at the facility or of the provider, create such a claim. *Collins v. Thakkar,* 552 N.E.2d 507, 511 (Ind.Ct.App. 1990). Instead, the test is whether the claim is based on the provider's behavior or practices while "acting in his professional capacity as a provider of medical services." *Id.* at 510.

Here, R.R.K.'s injuries were not caused by any services which the Center as the health care provider provided or failed to provide to him as a patient. Rather, they were caused by another resident whom the Center failed to medicate, restrain, or confine. As such, they arise not from the Center's medical treatment of R.R.K., but from his presence on the Center's premises. Indeed, a visitor upon the premises could have as easily sustained R.R.K.'s injuries.

In *Webb,* the plaintiff was injured as the result of an assault by a third-party. The plaintiff sued the physician who prescribed anabolic steroids for the third-party contending that, by doing so, the physician committed malpractice and that such malpractice was the proximate cause of the plaintiff's injuries. 575 N.E.2d 992. Our Supreme Court concluded that the plaintiff's action against the physician sounded in negligence. *Id.* at 995.

In *Lane v. St. Joseph's Regional Medical Center*, 817 N.E.2d 266 (Ind.Ct.App. 2004), Lane was injured while she sat in the waiting area of the Emergency Room when another patient suddenly attacked her. Although no issue was presented whether the matter fell within the purview of the Act, we held that the medical center owed a duty to protect Lane as a business invitee. *Id.* at 273.

Similarly, in *Midtown Community Mental Health Center v. Estate of Gahl*, 540 N.E.2d 1259 (Ind.Ct.App.1989), we held that a claim brought by the estate of a probation officer killed by Jackson, a patient of the mental health center, was not subject to the Act's requirements when it sued the mental health center claiming that the decedent's death was the proximate result of the center's treatment of Jackson and that the center had a duty to warn. We stated that, "[t]he purpose of the Act is unrelated to the sort of liability a health care provider risks when a patient commits a criminal act against a third party." *Id.* at 1262. We continued:

> Assuming the defendants had a duty to properly medicate and supervise Jackson, we believe that a breach of that duty could constitute malpractice as to Jackson, but not as to third parties with whom Jackson might come into contact. Thus, although the Estate's claim is related to malpractice, it is not so intertwined that it falls within the purview of the Act.

*Id.*

So, too, here. The Center's failure to properly medicate, restrain, or confine the resident who struck and injured R.R.K. may have constituted malpractice as to that resident, but not to third parties with whom the resident may have come into contact. The duty the Center owed to R.R.K. to prevent his being subject to attack by one of the other patients was the same as the duty owed to any invitee upon the premises. It did not arise from R.R.K.'s medical treatment, but from his presence on the premises. Accordingly, R.R.K.'s claim is not subject to the provisions of the Act, and the trial court did not err in denying the Center's motion for summary judgment.

In so holding, we note that a panel of this court reached a different conclusion in *Ogle v. St. John's Hickey Memorial Hospital*, 473 N.E.2d 1055 (Ind.Ct.App.1985). In *Ogle*, a patient committed to a hospital psychiatric ward was raped by another patient. *Id.* at 1057. She brought suit against the hospital alleging that it failed to provide adequate security. *Id.* The court held that the claim was subject to the provisions of the Act, noting that the definition of healthcare in the act specifically included *"the patient's medical care, treatment or confinement." Id.* at 1059. We note that *Ogle* predated our Supreme Court's decision in *Webb* and several decisions of this court, and we decline to follow it here.

Affirmed.

BAILEY, J., and CRONE, J., concur.