ATTORNEYS FOR APPELLANT
Edward J. Fujawa
Indiana Department of Insurance
Indianapolis, Indiana

Anne L. Cowgur
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
DEFENSE TRIAL COUNSEL OF INDIANA
Peter H. Pogue
Katherine G. Karres
Indianapolis, Indiana

James D. Johnson
Evansville, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANA HOSPITAL ASSOCIATION
Angela M. Smith
Matthew L. Rea

ATTORNEYS FOR APPELLEE
Jerry A. Garau
Deborah K. Pennington
Indianapolis, Indiana



FILED
Jun 23 2010, 9:29 am
CLERK
of the supreme court,
court of appeals and
tax court

---

# In the
# Indiana Supreme Court

No. 49S02-0909-CV-402

INDIANA PATIENT'S COMPENSATION FUND,

*Appellant (Respondent below)*,

v.

GARY PATRICK, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE
OF CHRISTOPHER PATRICK, DECEASED,

*Appellee (Petitioner below)*.

Appeal from the Marion Circuit Court, No. 49C01-0801-CT-3290
The Honorable Theodore M. Sosin, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0807-CV-614

**Sullivan, Justice.**

A father brought a claim under the Adult Wrongful Death Statute for his son's death caused by the negligence of medical providers following an automobile accident. The father also brought a derivative claim under the Medical Malpractice Act for his own emotional distress. Because damages for emotional distress are not available under the Adult Wrongful Death Statute, a parent cannot bring a derivative claim seeking such damages under the Medical Malpractice Act.

## Background

In January, 2002, 31-year-old Christopher Patrick ("Son") was injured in a car accident. He suffered a broken wrist, broken nose, and abdominal trauma. He was admitted to the hospital and discharged the next day. Son's father, Gary Patrick ("Father"), questioned the discharge order because Son continued to experience pain and exhibited substantial abdominal swelling. But the hospital staff discharged Son because of the doctor's orders.

Father took Son home where they lived together and tended to him. That evening, Son started vomiting blood. When Father observed Son vomiting more blood later that night, he called 911. By the time the ambulance arrived, Son had blood coming out of his nose and mouth. Son's eyes rolled back in his head as he fell back on the bed. The emergency medical technicians attempted to resuscitate him, but Son never regained consciousness. The cause of death was a ruptured colon from seatbelt trauma, which the medical care providers failed to diagnose.

Son was single, had no dependent survivors, and was the only child of Father. Father, individually, and as personal representative of Son's Estate, brought a medical malpractice action against both the hospital and the treating physician. Father also asserted a claim for his own emotional distress. Father settled his claims against the health care providers. After the settle-

ment, Father, individually, and as personal representative of Son's Estate, filed his petition for payment of excess damages with the Indiana Patient's Compensation Fund ("Fund").

The Fund moved for summary judgment on Father's claim for emotional distress damages. The Fund argued that damages for negligent infliction of emotional distress are not recoverable under Indiana Code section 34-23-1-2, the Adult Wrongful Death Statute ("AWDS"). Assuming that the AWDS could be understood to include the requested damages, the Fund maintained that Father had not satisfied the requirements of Indiana's bystander rule for recovering emotional distress damages.

After a combined hearing on the motion for summary judgment and the issue of damages, the trial court issued its findings of fact, conclusions of law, and judgment. The trial court found that the AWDS applied to Father's claim as personal representative of Son's Estate and assessed his damages at $300,000 for the loss of Son's love and companionship (increased by $16,531.66 for medical, hospital, funeral, and burial expenses). The trial court also awarded Father an additional $600,000 for his emotional distress claim.

The Fund appealed the award for Father's emotional distress. The Court of Appeals affirmed the trial court's judgment. Ind. Patient's Comp. Fund v. Patrick, 906 N.E.2d 194, 201 (Ind. Ct. App. 2009). The Fund sought, and we granted, transfer. 919 N.E.2d 552 (Ind. 2009) (table). Amici Curiae, the Indiana Hospital Association and the Defense Trial Counsel of Indiana, have filed briefs in support of the Fund's transfer petition.

**Discussion**

Wrongful death actions can be pursued when the death is caused by the wrongful act or omission of another. Ind. Code § 34-23-1-1. The AWDS governs actions for the wrongful death of unmarried adult persons with no dependents. Id. § 2. Damages under this section may include, but are not limited to, reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful act or omission that caused the adult person's death, and loss of the adult

3

person's love and companionship. I.C. § 34-23-1-2(c)(3)(A)-(B). The loss of the adult person's love and companionship is capped at $300,000. Id. § 2(e).

The Medical Malpractice Act ("MMA") permits a "'patient or the representative of a patient' to bring a malpractice claim 'for bodily injury or death.'" Goleski v. Fritz, 768 N.E.2d 889, 891 (Ind. 2002) (quoting I.C. § 34-18-8-1). The total amount recoverable for an injury or death of a patient resulting from an act of malpractice occurring after June 30, 1999, is limited to $1,250,000. I.C. § 34-18-14-3(a)(3). A healthcare provider qualified under the MMA is not liable for an amount in excess of $250,000 for an occurrence of malpractice. I.C. § 34-18-14-3(b). Any amount due from a judgment or settlement which is in excess of the total liability of all liable healthcare providers must be paid from the Fund. See Id. § 3(c).

The Fund readily acknowledges that the AWDS entitles Father to recover actual pecuniary damages and $300,000 in non-pecuniary damages. Though Father recognizes that he does not have a claim for emotional distress under the AWDS, and he is correct to do so, he contends that he was entitled to bring a claim for his own emotional distress under the MMA.

**I**

The Fund argues that claims under the MMA require bodily injury or death, and that Father cannot recover for his emotional distress without bodily injury. To support its contention, the Fund cites our recent decisions interpreting the term "bodily injury" in certain insurance policies. In State Farm Mutual Automobile Insurance Company v. D.L.B. ex rel. Brake, we held that "bodily injury" did not include emotional distress unless it arises from a bodily touching. 881 N.E.2d 665, 666 (Ind. 2008) (citing Wayne Twp. Bd. of Sch. Comm'rs v. Ind. Ins. Co., 650 N.E.2d 1205, 1210 (Ind. Ct. App. 1995), trans. denied); see also State Farm Mut. Auto. Ins. Co. v. Jakupko, 881 N.E.2d 654, 659 (Ind. 2008) (determining whether "bodily injury" as defined in an underinsured motor vehicle policy included emotional distress). In the context of the insurance policies at issue in these cases, recovery for emotional distress as a "bodily injury" under the policy requires a bodily touching. The Fund contends that it follows that a derivative claimant must allege a bodily touching to have a valid claim for emotional distress under the MMA.

4

However, our interpretation of "bodily injury" in the insurance policy context does not determine whether emotional distress damages are available under the MMA.

The MMA does not define "bodily injury," but we have held that the requirement for bodily injury (or death) applies to the actual victim of the malpractice and not to derivative claimants. See Goleski, 768 N.E.2d at 891 n.1 ("derivative claimants are 'patients' . . . but are not the patients upon whom 'injury or death' is inflicted."). Derivative claims include claims by a parent, guardian, trustee, child, relative, attorney, or any other representative of the patient and includes claims for the loss of services, loss of consortium, expenses, and other similar claims. I.C. § 34-18-2-22. For example, loss of services, loss of consortium, and expenses do not necessarily involve bodily injury. There is no reason why we would infer that "other similar claims" has such a requirement. Only the "injury or death" of the actual victim of the malpractice is within the meaning of "injury or death of a patient." Id. The MMA does not contain a requirement for bodily injury for derivative claimants.

## II

Where damages for emotional distress may be sought, the availability of those damages is to be assessed under the principles enunciated by this court most recently in Smith v. Toney, 862 N.E.2d 656, 658 (Ind. 2007), and incorporating our earlier decisions, notably Atlantic Coast Airlines v. Cook, 857 N.E.2d 989 (Ind. 2006), Groves v. Taylor, 729 N.E.2d 569 (Ind. 2000), Conder v. Wood, 716 N.E.2d 432 (Ind. 1999), and Shuamber v. Henderson, 579 N.E.2d 452 (Ind. 1991). Regardless of whether Father's emotional distress meets the standards for recovery enunciated in Smith and its predecessors, our decision in Chamberlain v. Walpole, 822 N.E.2d 959 (Ind. 2005), dictates that he is not entitled to seek damages for emotional distress here.

In Chamberlain, the plaintiff's father died following surgery and the son sued for various non-pecuniary damages including loss of love, affection, and extreme mental anguish. Id. at 961-62. The plaintiff conceded that he could not recover non-pecuniary damages for his father's death under the AWDS. Id. at 961. The plaintiff asserted that he could do so, however, because

the MMA creates a claim independent of the AWDS.  Id.  Indiana Code section 34-23-1-1, the AWDS, provides that when the decedent leaves no

> widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees.

The plaintiff in Chamberlain reasoned that because "the MMA identifies derivative claims as 'including claims for loss of services, loss of consortium, expenses, and other similar claims' he should be able to pursue a claim for loss of his father's love, care, and affection under that statute."  822 N.E.2d at 961-62.  In Community Hospital of Anderson and Madison County v. McKnight, 493 N.E.2d 775 (Ind. 1986), and Goleski v. Fritz, we held that the MMA only allowed a claimant to use the procedures provided in the MMA to pursue a claim directly that would be pursued under the AWDS and the Survival Statute, respectively.  Chamberlain, 882 N.E.2d at 963.  We held that the MMA is procedural and did not enlarge the scope of damages that can be sought against healthcare providers:

> The MMA's definition of a "patient" to include both the person who was injured and a person who has a derivative claim because of that person's injury does not imply that the MMA creates a new claim.  It merely requires that claims for medical malpractice that are otherwise recognized under tort law and applicable statutes be pursued through the procedures of the MMA.  The MMA's recognition of "derivative" claims is found only in the definition of "patient."  The effect of this provision is merely to require that any person who has a "derivative claim" for medical malpractice follow the requirements of the MMA in filing a proposed complaint with the Insurance Commissioner, etc.  The MMA's listing of what qualifies as a "derivative claim" is to ensure that the MMA applies to all available claims for medical malpractice.  But the MMA does not create new substantive rights or create new causes of action.  As the defendants point out, the MMA was designed to curtail liability for medical malpractice, not to expand it. Johnson v. St. Vincent Hosp., Inc., 273 Ind. 374, 379-80, 404 N.E.2d 585, 589-90 (1980).  The language of the definition of patient, as it fits in the statute and as applied in McKnight and Goleski leads to the conclusion that the MMA is procedural and did not create new causes of action.

Id.

The MMA, therefore, serves as a procedural mechanism for claims of medical malpractice. Indiana Code section 34-18-2-22 defines derivative claimants as patients. Goleski, 768 N.E.2d at 891 n.1. A derivative claimant, however, can only pursue claims that are allowed at common law or under applicable statutes; the MMA does not create new causes of action that otherwise do not exist. Chamberlain, 822 N.E.2d at 963. Thus, whether Father has a claim for emotional distress depends not upon the MMA, but on the AWDS.

The plaintiff in Chamberlain argued that he could assert a "derivative claim" for damages. Father asserts that he has an independent claim for damages for the negligent infliction of emotional distress. It was Son who was the victim of the medical malpractice; therefore, any claim in Father's own right is a derivative claim. As discussed above, any derivative claim that Father has depends upon the AWDS.

Because claims for emotional distress are not allowed under the AWDS, Father may not bring this type of derivative claim under the MMA.

**III**

For the sake of clarity, we make a final observation that we believe is at least implicit in parts I and II supra: were the claim underlying the MMA action one for which damages for emotional distress are available, the MMA does not preclude derivative claims of emotional distress by persons whom the law refers to as "bystanders." Indeed, as Chamberlain makes clear, the MMA requires any "derivative claim" to be included as part of the MMA action, making it subject to the MMA's procedural and substantive requirements. Id. Several cases have made explicit reference to the availability of damages for emotional distress in MMA cases. See, e.g., Bader v. Johnson, 732 N.E.2d 1212 (Ind. 2000); Baumgart ex rel. Baumgart v. DeFries, 888 N.E.2d 199 (Ind. Ct. App. 2008), trans. denied; Ryan v. Brown, 827 N.E.2d 112 (Ind. Ct. App. 2005); Breece v. Lugo, 800 N.E.2d 224 (Ind. Ct. App. 2003), trans. denied.

**Conclusion**

The judgment of the trial court is reversed.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.