# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN A. KINDLEY**
Lakeville, Indiana

ATTORNEY FOR APPELLEES:

**JAMES F. GROVES**
Lee, Groves & Zalas
South Bend, Indiana

FILED

May 30 2012, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DIANNE L. PERKINS,              )
                                          )
      Appellant,             )
                                            )
        vs.                )     No. 71A03-1111-PL-521
                                            )
JEFFREY STESIAK, and PFEIFER, MORGAN  )
and STESIAK,              )
                                            )
      Appellees.            )

APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 71D04-1010-PL-198

**May 30, 2012**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Dianne Perkins appeals the entry of summary judgment in favor of Jeffrey Stesiak and Pfeiffer, Morgan & Stesiak (referred to collectively as Stesiak) in her legal malpractice action against Stesiak. On appeal, Perkins presents the following restated issue for review: Did the trial court err in determining that Perkins had no cognizable claim for emotional distress and, thus, granting summary judgment on that ground?

We affirm.

For purposes of summary judgment, the underlying facts of this case are not in dispute. Perkins's thirteen-year-old, learning-disabled grandson was sexually abused by a teacher's assistant with the South Bend Community Schools Corporation (the School District) in the fall of 2004. The abuse was not disclosed until early 2005. As a result of the abuse, Perkins's grandson "engaged in extremely negative behaviors while in [Perkins's] home, both during the months the sexual abuse was occurring and for years after its discovery." *Appellant's Supplemental Appendix* at 10. On multiple occasions, the negative behavior included direct physical confrontations between Perkins and her grandson.

On June 8, 2005, Perkins entered into a contingent-fee agreement with Stesiak wherein Stesiak agreed to represent Perkins and her grandson[1] in all claims against the School District arising out of the sexual abuse perpetrated against her grandson. According to Perkins, Stesiak agreed to pursue claims for the injuries to her grandson as well as Perkins's own emotional distress. Perkins terminated Stesiak's representation in 2008

---

[1] Perkins was appointed legal guardian of her grandson when he was twelve, and her relationship with him is analogous to that of a parent.

because he had yet to file suit. Upon obtaining new legal counsel, Perkins learned that the statute of limitations on her claim had run prior to her termination of Stesiak. Because the grandson was a minor, however, his claim remained and was ultimately settled with the School District. The settlement did not encompass any injuries or damages to Perkins in her individual capacity.

On October 1, 2010, Perkins filed the instant legal malpractice action against Stesiak. The essence of her claim is that because Stesiak did not file a lawsuit on her behalf within the applicable period of limitation, he deprived her of the right to file a legal action against the School District and consequently obtain a settlement or verdict.

Stesiak filed a motion for summary judgment on March 14, 2011, arguing that Perkins had no viable personal claim against the School District. In response, Perkins argued that she had a claim based upon her own emotional distress relating to the sexual abuse of her grandson. Following a hearing, the trial court granted summary judgment in favor of Stesiak on October 24, 2011. Perkins now appeals.

Perkins's challenge to the trial court's summary judgment ruling presents only legal issues, not factual ones. "In reviewing the grant of summary judgment, an appellate court faces the same issues that were before the trial court." *Spangler v. Bechtel*, 958 N.E.2d 458, 461 (Ind. 2011). Where the dispute is one of law rather than fact, as here, a *de novo* standard of review applies. *Spangler v. Bechtel*, 958 N.E.2d 458. Further, the party appealing from the grant of summary judgment has the burden of persuading us that the decision was erroneous. *Van Kirk v. Miller*, 869 N.E.2d 534 (Ind. Ct. App. 2007), *trans. denied*.

The parties agree that disposition of the summary judgment motion "hinges on

3

whether Perkins had a cognizable claim for the emotional distress and other damages she herself suffered as a result of the injuries done to [her grandson]."[2] *Appellant's Supplemental Appendix* at 2. On appeal, Perkins claims that she had "a viable claim for negligent infliction of emotional distress in the underlying action under both the 'bystander' theory of recovery and Indiana's 'modified impact rule.'" *Appellant's Brief* at 4. Thus, we will address the applicability of each of these related doctrines.

The right to seek damages for emotional distress in actions for negligence "is carefully circumscribed under Indiana jurisprudence." *Spangler v. Bechtel*, 958 N.E.2d at 466. Despite criticism and calls for change, our Supreme Court has consistently held that in order to recover damages for the negligent infliction of emotional distress a plaintiff must satisfy either the modified impact rule or the bystander rule. *See Spangler v. Bechtel*, 958 N.E.2d 458; *Atlantic Coast Airlines v. Cook*, 857 N.E.2d 989 (Ind. 2006). "The elements for each are separate and distinct." *Atlantic Coast Airlines v. Cook*, 857 N.E.2d at 998.

We turn first to the modified impact rule. This rule requires that the plaintiff sustain a direct physical impact from the plaintiff's "direct involvement in the tortfeasor's negligent conduct." *See Atlantic Coast Airlines v. Cook*, 857 N.E.2d at 996. The "incident giving rise to the emotional trauma" in this case was the sexual abuse perpetrated on Perkins's grandson while he was at school. *Id*. Contrary to Perkins's argument on appeal, the fact that she experienced a number of physical confrontations with her grandson at home during the

---

[2] "Where legal malpractice is claimed for an attorney's failure to commence an action within the period of limitations it is generally held that one of the necessary ultimate proofs for a recovery of damages is that a recovery would have been had if the suit had been properly brought." *Basinger v. Sullivan*, 540 N.E.2d 91, 93 (Ind. Ct. App. 1989).

period of sexual abuse does not establish the necessary direct physical impact required by the rule. Rather, the rule envisions the plaintiff being present at the scene of the injury-producing event and, as a result, being directly impacted in a physical manner. Therefore, Perkins's reliance on the modified impact rule fails as a matter of law.[3]

Perkins's reliance on the bystander rule is also unavailing. This rule serves as an exception to the physical impact requirement of the modified impact rule and applies when a close relative (such as Perkins) witnesses or comes upon the scene soon after the death or severe injury of their loved one. *See Smith v. Toney*, 862 N.E.2d 656 (Ind. 2007). The requirement of the proximity of the bystander to the scene is "both a matter of time and circumstances." *Id*. at 662. That is, the bystander must come on the scene "at or immediately following the incident", and the scene "must be essentially as it was at the time of the incident, the victim must be in essentially the same condition as immediately following the incident, and the claimant must not have been informed of the incident before coming upon the scene." *Id*. at 663.

Our Supreme Court has observed that witnessing an incident or its gruesome aftermath immediately thereafter is distinct from learning of a victim's death or injury indirectly. *Smith v. Toney*, 862 N.E.2d 656. Further, "'[b]ystander claims' are not meant to compensate every emotional trauma." *Id*. at 663. "Rather they are limited to those that arise from the shock of experiencing the traumatic event." *Id*.

---

[3] We note that the subsequent physical impact experienced by Perkins was caused directly by her grandson and only indirectly by (or as a collateral effect of) the sexual abuse her grandson was experiencing at school. Further, the impact upon Perkins was removed in both time and place from the injury-producing event (the sexual abuse).

5

As set forth above, the sexual abuse and injuries to Perkins's grandson occurred at school. While she experienced subsequent acting out by her grandson, it is undisputed that Perkins never came upon the scene during or in the immediate aftermath of the sexual abuse, and she learned of it only months later. Under the circumstances, there is simply no basis for application of the bystander rule in this case.[4]

Finally, we address Perkins's assertion that this situation is "analogous to that of a mother who witnesses her son shot by a bullet negligently fired from hundreds of yards away, or of a mother who witnesses her son injured by a bomb left in the family's mailbox a day earlier." *Appellant's Reply Brief* at 3. To the contrary, the examples cited by Perkins involve instances where a mother contemporaneously observes the serious physical injury to or death of her child as it is caused by the tortfeasor. It matters little when the negligence was set in motion; rather, witnessing the ultimate injury-producing event (or its immediate gruesome aftermath) is the essence of the bystander rule.

Judgment affirmed.

MAY, J., and BARNES, J., concur.

---

[4]  Perkins's reliance on *Indiana Patient's Comp. Fund v. Patrick*, 906 N.E.2d 194 (Ind. Ct. App. 2009) is improper, as the Supreme Court not only granted transfer in the case but also reversed our decision. *Indiana Patient's Comp. Fund v. Patrick,* 929 N.E.2d 190 (Ind. 2010).