

IN THE

# Court of Appeals of Indiana

Mark Hyzy, individually and on behalf of Carolyn Hyzy, deceased,

*Appellant-Respondent*



FILED

May 06 2024, 11:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Anonymous Provider 1,

*Appellee-Petitioner*

v.

Amy L. Beard, Commissioner of the Indiana Department of

Insurance,

*Third-Party Appellee*

May 6, 2024

Court of Appeals Case No.
23A-CT-2581

Appeal from the Lake Superior Court

The Honorable Kristina C. Kantar, Judge

Trial Court Cause No.
45D04-2304-CT-464

**Opinion by Judge Riley**
Judges Brown and Foley concur.

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Respondent, Mark Hyzy, individually and on behalf of Carolyn Hyzy (Hyzy), appeals the dismissal of his negligent infliction of emotional distress claim brought in a wrongful death action against Appellee-Respondent, Anonymous Provider 1 (Anonymous).

[2] We affirm.

# ISSUE

[3] Hyzy presents one issue on appeal, which we restate as: Whether the trial court properly dismissed Hyzy's negligent infliction of emotional distress claim brought under the Adult Wrongful Death Statute and pursuant to the procedures of the Medical Malpractice Act.

# FACTS AND PROCEDURAL HISTORY

[4] On June 9, 2021, Hyzy commenced a medical malpractice action against Anonymous by submitting his Proposed Complaint to the Department of

Insurance. The Proposed Complaint alleged that he is Carolyn Hyzy's (Caroline) adult son and that on June 22, 2019, Carolyn was transported to Anonymous' hospital for various illnesses where she was admitted as an inpatient. Carolyn passed away on June 29, 2019. Count I of the Proposed Complaint relies on the Medical Malpractice Act (MMA) and asserts that Anonymous provided medical care to Carolyn from June 22 through June 29, 2019. Because Anonymous had a duty to act "within the applicable standards of care" at all relevant times but failed to comply with the "applicable standard of care" while treating Carolyn, Anonymous directly and proximately caused "medical complications, illness, and injury, ultimately resulting in medical expenses, pain, suffering, grave negligent emotional distress, death, the final and permanent loss of the affection of her son [Hyzy], cremation expenses, and other financial and intangible losses." (Appellee's App. Vol. II, pp. 5-6). Count II of the Proposed Complaint contends, after incorporating all the previous paragraphs, that "as a direct and proximate result of said acts and omissions on the part of [Anonymous], which were the direct and proximate cause of Carolyn's death, [Hyzy] suffered the permanent and final loss of affection of his mother[.]" (Appellee's App. Vol. II, p. 6). Lastly, in Count III—which is the subject of this appeal—Hyzy again incorporates all prior allegations of the Proposed Complaint and continues that "[a]s a direct and proximate result of said acts and omissions on the part of [Anonymous], which were the direct and proximate cause of Carolyn's death, [Hyzy] suffered the negligent infliction of emotional distress." (Appellee's App. Vol. II, pp. 6-7).

[5] On August 2, 2023, Anonymous moved for a preliminary determination and for a dismissal of Hyzy's claim for negligent infliction of emotional distress (NIED) based on the Adult Wrongful Death Statute (AWDS) in Count III of his Proposed Complaint pursuant to Indiana Trial Rule 12(B)(6). Anonymous contended that the emotional distress damages as incorporated in Hyzy's NIED claim were prohibited by the AWDS.

[6] On September 28, 2023, the trial court conducted a hearing on Anonymous' motion to dismiss. On October 3, 2023, the trial court granted Anonymous' motion and dismissed Count III of Hyzy's Proposed Complaint with prejudice on the basis that "derivative claims for negligent infliction of emotional distress are not permitted by the [AWDS]." (Appellant's App. Vol. II, p. 9).

[7] Hyzy now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

I. *Standard of Review*

[8] A motion to dismiss under T.R. 12(B)(6) tests the legal sufficiency of the plaintiff's claim, not the facts supporting it. *Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017). Dismissal under T.R. 12(B)(6) is proper if it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. *Id.* A plaintiff is not entitled to any relief when an allegation is made that is not recognized in the law as a basis for recovery. *See Mourning v. Allison Transmission, Inc.*, 72 N.E.3d 482, 487 (Ind. Ct. App. 2017). This court reviews a trial court's decision on a T.R. 12(B)(6)

motion to dismiss *de novo*, giving no deference to the trial court's decision. *See Bellwether*, 87 N.E.3d at 466. We take the alleged facts in the complaint to be true and consider the allegations in the light most favorable to the nonmovants, drawing every reasonable inference in their favor. *Id.*

II. *Analysis*

[9] Hyzy contends that the trial court erred in dismissing Count III of his Proposed Complaint. He maintains that as a close relative to the deceased, he may pursue a NIED damage claim in accordance with Indiana's bystander rule, which is available as a derivative MMA claim and is not barred by the AWDS.

[10] We initially observe that wrongful death statutes are purely statutory and in derogation of common law. *Chamberlain v. Parks*, 692 N.E.2d 1380, 1384 (Ind. Ct. App. 1998), *trans. denied*. At common law, there was no tort liability for killing another "because personal injury actions did not survive the injured party's death." *Ed Wiersma Trucking Co. v. Pfaff*, 643 N.E.2d 909, 911 (Ind. Ct. App. 1994), *adopted by* 678 N.E.2d 110 (Ind. 1997).

[11] The purpose of our wrongful death statutes is to compensate surviving dependents for pecuniary losses but not for loss of life. *Franciscan ACO, Inc., v. Newman*, 154 N.E.3d 841, 848 (Ind. Ct. App. 2020), *trans. denied*. Pecuniary loss is the foundation of a wrongful death action, and this loss can be determined in part from the assistance that the decedent would have provided through money, services, or other material benefits. *Id.* Only those damages prescribed by the applicable wrongful death statute are recoverable, as the

wrongful death statutes are to be strictly construed against the expansion of liability. *Durham v. U-Haul Int'l*, 745 N.E.2d 755, 758-59 (Ind. 2001); *see also Franciscan*, 154 N.E.3d at 848.

[12] Indiana has three wrongful death statutes. The General Wrongful Death Statute (GWDS) permits a personal representative of a decedent's estate to recover damages on behalf of surviving spouses, dependent children or next of kin, and service providers such as funeral homes. Ind. Code § 34-23-1-1. The Child Wrongful Death Statute (CWDS), I.C. § 34-23-2-1, applies when the action is maintained against the person whose wrongful act or omission caused the injury or death of a child. Lastly, the AWDS governs actions for the wrongful death of unmarried adult persons with no dependents. I.C. § 34-23-1-2. Damages under the AWDS may include, but are not limited to, reasonable medical, hospital, funeral, burial expenses, and the loss of the adult person's love and companionship. I.C. §§ 34-23-1-2(c)(3)(A), (B). Damages for medical, hospital, funeral, and burial expenses inure to the exclusive benefit of the adult person's estate for the payment of those expenses. I.C. § 34-23-1-2(d). The remainder of the damages inure to the exclusive benefit of "a nondependent parent or nondependent child of the adult person." I.C. § 34-23-1-2(d). Under the AWDS, "the damages may not include damages awarded for a person's grief or punitive damages." I.C. §§ 34-23-1-2(c)(2)(A), (B). Taking the facts pleaded in Hyzy's Proposed Complaint as true, Carolyn was unmarried with no dependent children. Therefore, Hyzy's medical malpractice claim exists exclusively under the AWDS.

[13]     In light of the language of the Proposed Complaint, we find our supreme

court's opinion in *Indiana Patient's Compensation Fund v. Patrick*, 929 N.E.2d 190,

191 (Ind. 2010), which determined that "damages for emotional distress are not

available under the [AWDS]," on point here. In *Patrick*, the father of the

deceased unmarried son who had no dependents brought a medical malpractice

action—individually and as personal representative of his son's estate—against

a physician and the hospital, alleging his son received negligent treatment

following an automobile accident. *Id*. After settling with both healthcare

providers, father, individually and as personal representative of his son's estate,

filed a petition for payment of excess damages with the Indiana Patient's

Compensation Fund (Fund), seeking emotional distress damages. *Id.* The

Fund moved for summary judgment on father's claim, arguing that the AWDS

precluded recovery for emotional distress damages. *Id*. The trial court denied

summary judgment and awarded father $600,000 on his emotional distress

claim. *Id.* This court affirmed the trial court's award, but our supreme court

subsequently reversed, determining that

> Damages under [the AWDS] may include, but are not limited to,
> reasonable medical, hospital, funeral, and burial expenses
> necessitated by the wrongful act or omission that caused the
> adult person's death, and loss of the adult person's love and
> companionship. I.C. § 34-23-1-2(c)(3)(A)-(B).
>
> …
>
> The Fund readily acknowledges that the AWDS entitles Father
> to recover actual pecuniary damages and $300,000 in non-

pecuniary damages. Though Father recognizes that he does not have a claim for emotional distress under the AWDS, and he is correct to do so, he contends that he was entitled to bring a claim for his own emotional distress under the [Medical Malpractice Act].

[14] *Id*. at 192. In rejecting father's claim, the *Patrick* court relied on *Chamberlain v. Walpole*, 822 N.E.2d 959 (Ind. 2005), in support of its determination that father could not recover NIED damages from the Fund. *Id*. at 193.

[15] In *Chamberlain*, the plaintiff's father died following surgery, and the plaintiff sued for various non-pecuniary damages including loss of love, affection, and extreme mental anguish. *Chamberlain*, 822 N.E.2d at 961-62. The plaintiff conceded that he could not recover non-pecuniary damages for his father's death under the AWDS. *Id*. at 961. Nonetheless, the plaintiff asserted that he could recover such damages pursuant to Indiana's MMA. *Id*. He claimed that "because the [MMA] creates a claim independent of the AWDS," which includes claims for loss of consortium and other similar claims, he could pursue a medical malpractice claim for loss of his father's love, care, and affection. *Id*. at 961-62. Rejecting that argument, the *Chamberlain* court acknowledged that the MMA only allows a claimant to use the procedures in that act to pursue a claim directly that would be brought under the AWDS and the Survival Statute, respectively. *Id*. at 963 (citing *Cmty. Hosp. of Anderson v. McKnight*, 493 N.E.2d 775 (Ind. 1986)). As such, the *Patrick* court emphasized the holding in *Chamberlain* that "the [MMA] does not enlarge the scope of damages that can be sought against health providers." *Patrick*, 929 N.E.2d at 193. In light of

*Chamberlain*, the *Patrick* court held that father could not pursue a derivative claim for emotional distress under the MMA. *Id.* The *Patrick* court further stated:

> The plaintiff in *Chamberlain* argued that he could assert a 'derivative claim' for damages. Father asserts that he has an independent claim for damages for the negligent infliction of emotional distress. It was Son who was the victim of the medical malpractice; therefore, any claim in Father's own right is a derivative claim. As discussed above, any derivative claim that Father has depends upon the AWDS.
>
> Because claims for emotional distress are not allowed under the AWDS, Father may not bring this type of derivative claim under the [MMA].

*Id*. at 194.

[16] In light of *Patrick* and *Chamberlain*, and construing the facts that Hyzy pleaded as true for the purposes of the motion to dismiss and this appeal, Hyzy's claim for NIED damages, as construed in Count III, exists exclusively under the AWDS, and only the damages prescribed in the statute are recoverable. *See Franciscan,* 154 N.E.3d at 848; *see also Durham v. U-Haul Int'l*, 745 N.E.2d 755, 759 (Ind. 2001). Mindful that the MMA is procedural only and does not create new causes of action or confer independent claims, and as in *Patrick* where the court held that emotional distress damages are disallowed under the AWDS, we adhere to these same rationales here and conclude that Hyzy's claim for negligent infliction of emotional distress is not permitted under the AWDS or the MMA. *Patrick*, 929 N.E.2d at 193-94, *Chamberlain*, 822 N.E.2d at 963. Court

In support of his contention that his NIED claim nevertheless can proceed if brought under the bystander doctrine, Hyzy focuses on the *Patrick* court's summation, stating that "[f]or the sake of clarity, we make a final observation that [] were the claim underlying the MMA action one for which damages for emotional distress are available, the MMA does not preclude derivative claims of emotional distress by persons whom the law refers to as "bystanders." *Patrick*, 929 N.E.2d at 194. Our supreme court further clarified this summation in *Spangler v. Bechtel*, 958 N.E.2d 458, 463 (Ind. 2011) (emphasis added) and noted that "*Patrick* does not preclude the possibility of a separate claim, *outside the wrongful death statutes*, for negligent infliction of emotional distress[.]" Expanding on this clarification, the *Spangler* court explained:

> The right to seek damages for emotional distress in actions for negligence often referred to as actions for negligent infliction of emotional distress, is carefully circumscribed under Indiana jurisprudence. We have never permitted, nor do we today, an action seeking damages for emotional distress predicated upon a breach of an alleged duty not to inflict emotional injury on another. Such independent, stand-alone actions for negligent infliction of emotional distress are not cognizable in Indiana. But actions seeking damages for emotional distress resulting from the negligence of another are permitted in two situations: where the plaintiff has (1) witnessed or come to the scene soon thereafter the death or severe injury of certain classes of relatives (i.e., the bystander rule), or (2) suffered a direct impact (i.e., the modified impact rule). Under the bystander rule, the death/severe injury must have been proximately caused by the defendant's breach of some cognizable legal duty owed by the defendant to the relative at issue.

*Id*. at 466 (internal citations omitted).

[18] Analyzing as to whether Hyzy's NIED claim in Count III of his Proposed Complaint was brought "outside the wrongful death statutes," we acknowledge that to be outside these statutory parameters, "a health care provider's actions must be demonstrably unrelated to the promotion of the plaintiff's health or an exercise of the provider's professional expertise, skill, or judgment." *Metz as Next Friend of Metz v. Saint Joseph Regul. Med. Ctr.*, 115 N.E3d 489, 495 (Ind. Ct. App. 2018). "'[T]he test is whether the claim is based on the provider's behavior or practices while acting in his professional capacity as a provider of medical services.'" *Id*. (quoting *Madison Ctr., Inc. v. R.R.K.*, 853 N.E.2d 1286, 1288 (Ind. Ct. App. 2006), *trans. denied*). We have also noted that:

> A case sounds in ordinary negligence [rather than medical negligence] where the factual issues are capable of resolution by a jury without application of the standard of care prevalent in the local medical community. By contrast, a claim falls under the [MMA] where there is a causal connection between the conduct complained of and the nature of the patient-health care provider relationship.

*Id*. (quoting *Terry v. Cmty. Health Network, Inc.*, 17 N.E.3d 389, 393 (Ind. Ct. App. 2014)) (internal citations omitted).

[19] As we must view the facts of the Proposed Complaint as true, we note that Hyzy's Count III was included in the Proposed Complaint, indicating that the claim potentially falls within the parameters of the MMA. *See* I.C. § 34-18-8-4; *see also id*. (the MMA requires the presentation of the proposed complaint to a

medical review panel before an action may be commenced in a court in Indiana). Incorporating the allegations of the previous Counts—*i.e.,* Anonymous failed in its duty to act within the applicable standards of care while treating Carolyn thereby directly and proximately causing her death— Count III further specifies that "[a]s a direct and proximate result of said acts and omissions on the part of [Anonymous], which were the direct and proximate cause of Carolyn's death, [Hyzy] suffered the negligent infliction of emotional distress." (Appellee's App. Vol. II, pp. 6-7). In the absence of any necessary facts in Count III which could propel this claim outside the province of the MMA and AWDS and place it within the auspices of the bystander doctrine, we must conclude that Count III falls within the statutory framework of the MMA and the AWDS. *See Spangler*, 959 N.E.2d at 472 (claims for negligent infliction of emotional distress, if arising from alleged medical malpractice, are subject to the MMA); *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 185 (Ind. 2011) (regardless of what label a plaintiff uses, claims that boil down to a question of whether a given course of treatment was medically proper and within the appropriate standard are the quintessence of a malpractice case). As we already determined that Hyzy's NIED claim cannot proceed under the AWDS, we affirm the trial court's dismissal of Count III of the Proposed Complaint.

## CONCLUSION

[20] Based on the foregoing, we hold that the trial court properly dismissed Hyzy's negligent infliction of emotional distress claim which was brought under the

Adult Wrongful Death Statute and pursuant to the procedures of the Medical Malpractice Act.

[21] Affirmed.

[22] Brown, J. and Foley, J. concur

APPELLANT PRO SE

Mark Hyzy
Riverdale, Illinois


ATTORNEYS FOR APPELLEE
*ANONYMOUS PROVIDER I*

Sharon L. Stanzione
Michael A. Sarafin
Michael J. Bolde
Johnson & Bell, P.C.
Crown Point, Indiana